**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CHENA JOHNSON, individually and on behalf of K.P., | : : : : |
| Plaintiff, | : Civil Action No. 17-7514 (ES) (MAH) |
| v. | : MEMORANDUM OPINION |
| PATERSON HOUSING AUTHORITY, et al., | : : : |
| Defendants. | : : |

**SALAS, DISTRICT JUDGE**

Before the Court is Paterson Housing Authority's ("Defendant") motion to dismiss *pro se* Plaintiff Chena Johnson's ("Plaintiff") Complaint (D.E. No. 1 ("Compl.")) under Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 9). The Court has considered the parties' submissions[1] and decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b). The Court DENIES Defendant's motion.

***Background.*** Plaintiff, an individual with a learning disability, receives federal housing assistance through the United States Department of Housing and Urban Development's ("USHUD") Section 8 program.[2] (Compl. at 1,[3] ¶¶ 1 & 28). Defendant administers the program through which Plaintiff receives her Section 8 grant. (*Id.* at 1).

Sometime before this lawsuit, Defendant directed Plaintiff to relocate from a three-

---

[1] (Compl.; D.E. No. 9-1, Defendant's Moving Brief ("Def. Mov. Br."); D.E. No. 15, Plaintiff's Opposition Brief ("Pl. Opp'n Br."); D.E. No. 16, Defendant's Reply Brief ("Def. Reply Br.")).

[2] As required for a Rule 12(b)(6) motion, the Court accepts the Complaint's factual allegations as true and affords Plaintiff the benefit of every favorable inference. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

[3] References to page numbers in the Complaint refer to ECF-generated page numbers.

bedroom home to a two-bedroom home because her son was incarcerated and no longer living with her. (*Id.* ¶¶ 2 & 3). Plaintiff followed Defendant's direction and moved to the specified two-bedroom home. (*Id.* ¶ 4). Nevertheless, Defendant subsequently claimed that Plaintiff's new residence was actually a three-bedroom home. (*Id.* ¶ 5). Defendant adversely changed Plaintiff's rental contribution based on this claim, even after Defendant's inspector concluded that the home was only a two-bedroom. (*See id.* ¶¶ 5 & 6).

In January 2017, Plaintiff received a letter referencing a 2015 hearing and demanding that she pay delinquent rent by January 31, 2017. (*Id.* ¶¶ 9 & 10). Plaintiff attempted to pay the delinquent rent, but Defendant refused to accept her payment. (*Id.* ¶ 9). Defendant's agent told her that "he was going to use the hearing officer's decision to terminate" her tenancy. (*Id.*). In May 2017, Plaintiff received a letter stating that she had seven days to request a hearing on this matter. (*Id.* ¶ 11). Despite Plaintiff requesting a hearing in accordance with Defendant's instructions, Defendant refused to grant her a hearing, telling Plaintiff that she was not eligible. (*Id.* ¶¶ 11 & 17). Defendant then instituted eviction proceedings. (*See id.*); *see also Paterson Hous. Auth. v. Johnson*, No. 17-4289, D.E. No. 3 (D.N.J. July 24, 2017) (remanding Plaintiff's eviction proceeding to New Jersey state court).

The Court construes Plaintiff's Complaint as asserting a 42 U.S.C. § 1983 claim for a violation of her Fourteenth Amendment procedural due process rights when Defendant denied her a hearing despite her timely answer to the May 2017 letter. (*See* Compl. ¶¶ 11 & 16-20).

***Legal Standard.*** "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the burden is on the defendant to show that the plaintiff has not stated a facially plausible claim. *See Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016). Moreover, "[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus*, 641 F.3d at 563. But a court does not accept as true the complaint's legal conclusions. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions.").

"[A] court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case." (citations and internal quotation marks omitted)). "The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document." *Jeffrey Rapaport M.D., P.A. v. Robins S. Weingast & Assocs. Inc.*, 859 F. Supp. 2d 706, 714 (D.N.J. 2012).

Finally, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).

***Analysis.*** Defendant bases its 12(b)(6) motion on two grounds: (1) Plaintiff has not shown that she was denied any opportunity to be heard, and consequently Plaintiff has not shown that her constitutional procedural due process rights were violated; and (2) Plaintiff's Complaint is time barred. (*See generally* Def. Mov. Br.; Def. Reply Br.). In its first ground, Defendant argues that Plaintiff was afforded a hearing in 2015 where she was represented by an attorney. (Def. Moving Br. at 1-2 & 4). Defendant also argues that Plaintiff was heard in New Jersey landlord tenant court and in federal court. (*Id.*). Regarding its second ground, Defendant argues that even if Plaintiff had been denied due process, her action is time barred because she did not institute her lawsuit by an action in lieu of prerogative writ under New Jersey Court Rule 4:69 within 45 days of the 2015 hearing. (*Id.* at 4-9). As explained below, Defendant falls woefully short of meeting its burden for either ground. *See Davis*, 824 F.3d at 349 ("When presenting a Rule 12(b)(6) motion, the defendant bears the burden to show that the plaintiff has not stated a claim.").

First, the Court finds that Plaintiff has adequately pleaded that her Fourteenth Amendment procedural due process rights were violated. Plaintiff alleges that she has a Fourteenth Amendment property interest in her USHUD Section 8 grant, which entitles her to certain due process protection. (*See* Compl. at 1 & ¶ 19). A person's continued participation in the USHUD Section 8 program is a Fourteenth Amendment property interest protected by procedural due process. *See Basco v. Machin*, 514 F.3d 1177, 1180 (11th Cir. 2008); *Clark v. Alexander*, 85 F.3d 146, 150 (4th Cir. 1996); *Davis v. Mansfield Metro. Hous. Auth.*, 751 F.2d 180, 184-85 (6th Cir. 1984); *Simmons v. Drew*, 716 F.2d 1160, 1162 (7th Cir. 1983); *see also Atkins v. Parker*, 472 U.S. 115, 128 (1985) (holding that food-stamp benefits, as statutory entitlements for persons qualified to receive them, are property protected by the Due Process

Clause), *superseded by statute*, 42 U.S.C. § 601 (1996); *Goldberg v. Kelly*, 397 U.S. 254, 261-64 (1970) (holding that procedural due process requires persons who receive welfare benefits to be afforded an evidentiary hearing before benefits are discontinued), *superseded by statute*, 42 U.S.C. § 601 (1996).

Plaintiff alleges that she was entitled to a hearing before her Section 8 benefits were discontinued. (*See* Compl. ¶¶ 11 & 16-20). The case law, applicable federal statutes, and applicable federal regulations all indicate that Plaintiff is correct. *See, e.g.*, 42 U.S.C. § 1437d(k) (ordering that the Secretary of USHUD "by regulation require each public housing agency . . . to establish and implement an administrative grievance procedure under which tenants will . . . have an opportunity for a hearing before an impartial party upon timely request" before eviction and termination); *Clark*, 85 F.3d at 150 (explaining five procedural due process requirements housing authorities must follow, which include a pre-termination hearing); *Davis*, 751 F.2d at 184-85 (holding that due process requires a pre-termination hearing for Section 8 recipients and that the USHUD's existing regulations on informal hearings satisfied those requirements); 24 C.F.R. §§ 982.555(a), 982.552(c)(1)(v) (requiring a public housing authority to afford a Section 8 recipient an opportunity for an informal hearing before it terminates assistance because the Section 8 recipient owes rent or other amounts in connection with the assistance). Indeed, Defendant's own correspondence to Plaintiff seems to acknowledge Plaintiff's right to a pre-termination hearing. *See Johnson*, No. 17-4289, D.E. No. 1 at 9 ("Be further advised that you have the right to request a grievance hearing, in writing, regarding this matter to have your questions / concerns heard before an impartial hearing officer.").[4]

Finally, Plaintiff alleges that in May 2017 Defendant offered her such pre-termination

---

[4] The Court properly considers the filings in *Paterson Housing Authority v. Johnson*, No. 17-4289 (D.N.J.), "as matters of public record." *See Mayer*, 605 F.3d at 230; *Buck*, 452 F.3d at 260.

hearing, that she complied with instructions to secure a hearing, and that despite her compliance, she was denied a hearing and was served with eviction papers. (*See* Compl. ¶¶ 11 & 16-20). For the purposes of this motion, the Court must accept Plaintiff's allegations as true. *See Iqbal*, 556 U.S. at 618; *Malleus*, 641 F.3d at 563. But the Court also notes that the record in *Johnson*, No. 17-4289, supports Plaintiff's allegations. Defendant appears to have sent Plaintiff a letter on May 8, 2017, regarding the termination of her tenancy because of unpaid rent and other unpaid charges. *Johnson*, No. 17-4289, D.E. No. 1 at 9. The letter advised Plaintiff of her "right to request a grievance hearing, in writing . . . within seven (7) calendar days from the date of [the letter]." *Id.* On May 11, 2017, Plaintiff appears to have submitted a written request for a grievance hearing. (*Id.* at 10). A time stamp labeled "PATERSON HOUSING AUTHORITY RECEPTIONIST" suggests that Defendant received Plaintiff's request on May 12, 2017, well within seven calendar days of the May 8, 2017 letter. (*See id.*).

Based on these alleged facts, the reasonable inference can be drawn that Plaintiff's Fourteenth Amendment due process rights may have been violated when Defendant allegedly denied Plaintiff an administrative hearing before her Section 8 property interest was taken away. *See Iqbal*, 556 U.S. at 678.

In arguing its first ground for dismissal, Defendant does not even address the main contention in Plaintiff's Complaint—i.e., due process was denied when Defendant refused to grant Plaintiff a pre-termination hearing *in 2017*. (*See generally* Def. Mov. Br.; Def. Reply Br.). Without citation to relevant legal authority, Defendant summarily argues that procedural due process was given because (i) Plaintiff was afforded a hearing in 2015 where she was represented by an attorney; (ii) Plaintiff was heard in New Jersey landlord tenant court; and (iii) Plaintiff was heard in federal court. (*See* Def. Mov. Br. at 4). But Defendant provides no reason

for this Court to conclude that a 2015 administrative hearing—two years before the operative facts occurred—provided Plaintiff with a constitutionally adequate "opportunity to be heard at a meaningful time and in a meaningful manner" before eviction proceedings were instituted in 2017. *See Miller*, 174 F.3d at 373 (internal quotation marks removed). The case law and federal statutes and regulations, as explained above, belie Defendant's contention and indicate that due process entitled Plaintiff to a pre-termination hearing in 2017.

Similarly, Defendant provides no reason for this Court to conclude that the eviction proceeding New Jersey landlord tenant court, or the federal action in which that proceeding was briefly removed, somehow would cure Defendant's alleged violation of Plaintiff's due process rights to a pre-termination administrative hearing. (*See* Def. Mov. Br. at 4). Again, the case law, federal statutes, and federal regulations discussed above indicate that Plaintiff was entitled to an *administrative* hearing *before* her Section 8 property right was taken away in an eviction proceeding. Consequently, Defendant's arguments regarding the landlord tenant court and federal court actions are not persuasive.[5]

Finally, Defendant's second ground for dismissal, that Plaintiff's action is untimely, is likewise unpersuasive. In New Jersey, the statute of limitations for § 1983 actions is two years. *See* N.J.S.A. 2A:14-2(a); *Wallace v. Kato*, 549 U.S. 384, 387 (2007). A § 1983 claim "accrues at the time when the injury is sustained—that is, when the plaintiff has a complete and present cause of action." *Koehnke v. City of McKeesport*, 350 F. App'x 720, 723 (3d Cir. 2009) (internal quotation marks and citation omitted). Thus, at this juncture, Plaintiff's § 1983 claim appeared to have accrued sometime around May 2017 when Defendant denied Plaintiff's request for a

---

[5] To the extent Defendant is arguing that the previous federal action provided Plaintiff an opportunity to be heard on the § 1983 claim itself, the Court rejects that argument. (*See id.*). In remanding the action to New Jersey state court because of lack of subject-matter jurisdiction over state-court eviction proceedings, The Honorable Jose L. Linares specifically contemplated Plaintiff being able to initiate a separate action based on the alleged violation of her federal rights. *Johnson*, No. 17-4289, D.E. No. 1 ¶ 9.

hearing and served her eviction papers. *See id.*

Defendant does not adequately explain why it believes the claim would have accrued in 2015. (*See* Def. Mov. Br. at 4-9). Nor does Defendant provide any relevant legal authority to support its proposition that Plaintiff was required to file an action in lieu of prerogative writs in New Jersey state court before filing a federal cause of action, in federal court, for Defendant's alleged unconstitutional taking of a federally created property right. (*See id.*). The New Jersey Rule of Court Defendant cites imposes time limitations on the commencement of actions in lieu of prerogative writs, but does not indicate that failing to pursue an action in lieu of prerogative writs precludes any other type of action. (*See id.*); N.J. CT. R. 4:69-6. Moreover, the sole case Defendant relies on for its proposition simply applies the equitable provision of the rule for granting extensions. (*See* Def. Mov. Br. at 4-9 (citing *Tri-State Ship Repair & Dry Dock Co. v. City of Perth Amboy*, 793 A.2d 834, 836-38 (N.J. Super. Ct. App. Div. 2002) (affirming the lower court's application of New Jersey Rule of Court 4:69-6(c) and holding that the plaintiff had not demonstrated that the interest of justice required an extension of time for it to file an action in lieu of prerogative writs challenging a redevelopment ordinance)). The case does not indicate that failing to file an action in lieu of prerogative writs precludes any type of 42 U.S.C. § 1983 action. *See generally Tri-State Ship Repair*, 793 A.2d 834.

*Conclusion.* Defendant has not met its burden, on either of its grounds, of showing that Plaintiff has not stated a claim. Because Defendant argues no other grounds, the Court DENIES Defendant's motion to dismiss.[6]

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[6] To impose § 1983 liability on a municipality or other local government unit, a plaintiff must show: (i) the existence of a relevant policy or custom; and (ii) that the policy caused the constitutional violation alleged. *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir. 2005); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A plaintiff can establish the first element by alleging a generally applicable statement of policy, an act of the policymaker itself, or deliberate indifference. *See Natale v. Camden Cnty. Corr. Facilty*, 318 F.3d 575, 584 (3d Cir. 2003). The Court notes that Plaintiff sues only a local government unit, but does not plead a relevant policy or custom. (*See* Compl.). Because Defendant neither states the elements of a *Monell* claim nor argues that Plaintiff has not pleaded a relevant policy or custom, the Court considers it inappropriate to grant Defendant's motion to dismiss on that ground. *See Davis*, 824 F.3d at 349 (noting that the burden is on the defendant to show that the plaintiff has not stated a facially plausible claim).